E-Filed — JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 12-450-GHK (SPx) | Date | April 25, 2012 |
|---|---|---|---|
| Title | *Raymond Wang v. Sunday Akinbayode, et al.* | | |

| Presiding: The Honorable | GEORGE H. KING, U. S. DISTRICT JUDGE | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers) Order Remanding Case**

On April 9, 2012, we issued an Order directing Defendant Sunday Akinbayode ("Defendant") to show cause ("OSC") within fourteen days why the above-captioned unlawful detainer action should not be remanded to state court based on this Court's lack of subject matter jurisdiction. We noted that Defendant's Notice of Removal ("NOR") stated that we have federal question jurisdiction but that on its face, the operative state court Complaint only alleges a claim for unlawful detainer under California law. We also noted that while Defendant appears to argue that we have subject matter jurisdiction predicated on a defense under the Protecting Tenants at Foreclosure Act ("PTFA"), federal jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. We cautioned Defendant that failure to timely respond to our OSC would be deemed Defendant's admission that this Court lacks subject matter jurisdiction.

On April 23, 2012, Defendant filed a Response to our OSC. Defendant's Response sets forth no federal questions presented by the Complaint, instead summarily stating: "The complaint presents federal questions. . . . Plaintiff [sic] has shown (a) that jurisdiction is provided for by statute or (b) the issues raised by Defendant present substantial constitutional questions effecting [sic] the Defendant as to his rights, privileges and immunities contained within the Constitution. Thus Defendant has shown cause why his Removal action should not be remanded to state court for lack of jurisdiction as jurisdiction is established . . . ." (Response 2-3).

The party seeking to establish jurisdiction bears the burden of proving such. *Kokkonen*, 511 U.S. at 377. Because Defendant's Response does not identify a single federal claim or issue raised by the Complaint, Defendant has failed to meet his burden of proving federal jurisdiction over this action and failed to show cause why this action should not be remanded. Accordingly, this case is hereby **REMANDED** to the state court from which it was removed.

**IT IS SO ORDERED.**

<u>       --       </u> : <u>       --       </u>

E-Filed — JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 12-450-GHK (SPx) | Date | April 25, 2012 |
|---|---|---|---|
| Title | *Raymond Wang v. Sunday Akinbayode, et al.* | | |

Initials of Deputy Clerk     Bea